IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUG COOK AND JODY EBERHART, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. |
| v. | ) ) | |
| GENERAL NUTRITION CORPORATION | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT – CLASS ACTION

Plaintiffs Doug Cook and Jody Eberhart, individually and on behalf of all persons similarly situated, by their undersigned counsel, file this Class Action Complaint against defendant General Nutrition Corporation ("GNC") and, in support thereof, allege upon personal knowledge or upon information and belief as follows:

### INTRODUCTION

1. GNC is one of the world's largest specialty retailers of health, wellness and performance products, including protein, performance supplements, weight management supplements, vitamins, wellness supplements, health and beauty products, and general merchandise. GNC has stores in all 50 states and the District of Columbia.

2. Throughout all relevant periods, GNC regularly and continuously offered and operated certain paid membership programs for the benefit of its participant-customers. Those programs were variously called the "Gold Card Program" and/or the "Member Price Program" (collectively, the "Gold Card Program"). Under the Gold Card Program, GNC's customers paid a $15 annual membership fee in return for which they received benefits including discounts of up to 50% off purchases, every day, from GNC. More than 6 million GNC customers paid for Gold

1

Card Program memberships.

3. GNC collected $15 annual membership fees from the Gold Card members throughout 2015 and 2016, and it recognized deferred revenue on such sales of memberships over the period of the memberships, many of which annual periods continue into 2017 and 2018 (for customers who purchased two-year memberships). After generating tens of millions of dollars in annual Gold Card Program membership fees, GNC terminated the program at or around the end of 2016. GNC, however, did not honor the benefits the Gold Card members purchased and perform its obligations under the Gold Card Program for the duration of the membership periods, and it did not refund the membership fees it received and enjoyed. Through this action, plaintiffs on behalf of themselves and all those similarly situated seek to recover their damages for GNC's breach of its agreement and, alternatively, seek specific performance requiring GNC to honor its promises.

## THE PARTIES

4. Plaintiff Doug Cook is a citizen of Georgia who resides in Atlanta, Georgia. Mr. Cook has been a Gold Card Program member for several years, having most recently paid $15 to renew his membership in April 2016. GNC refused to recognize or provide Gold Card Program member benefits on purchases he made at GNC in 2017, despite the fact that his Gold Card Program membership has a stated expiration of April, 2017.

5. Plaintiff Jody Eberhart is a citizen of Pennsylvania who resides in Ligonier, Pennsylvania. Mr. Eberhart has been a Gold Card Program member for several years, having most recently paid $15 to renew his membership in 2016. GNC refused to recognize or provide Gold Card Program member benefits on purchases by Mr. Eberhart at GNC in 2017.

6. Defendant General Nutrition Corporation is a Pennsylvania corporation with its executive offices and principal place of business at 300 6th Ave. Pittsburgh, PA 15222-2514. The

Gold Card Program terms state that the program is "brought to you by General Nutrition Corporation."

## JURISDICTION AND VENUE

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action with in excess of 100 class members, many of whom are citizens of a state different from defendant.

8. This Court has personal jurisdiction over defendant because it is headquartered in the State of Pennsylvania.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (b) because a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this judicial district.

10. Jurisdiction and venue are also proper in this Court because the express "Terms and Conditions" of the Gold Card Program, hereinafter described, state, "Any claim relating to the Program, our Terms, and the relationship between you and us shall be governed by the laws of the United States and the Commonwealth of Pennsylvania without regard to its conflict of law provisions. You and GNC agree to submit to the personal and exclusive jurisdiction of the courts located within the Commonwealth of Pennsylvania."

## EVENTS GIVING RISE TO THE CLAIMS

11. For many years until the end of December 2016, GNC operated certain paid membership programs providing benefits to customer-members, including up to 50% off purchases. Those programs, as noted above, were known as the Gold Card Program and/or Member Price Program. Customers could and did purchase a one-year or two-year membership

at a $15 annual membership fee.

12.     The Gold Card Program had a massive following. For example, GNC touted that the Gold Card Program was "a big deal" and had nearly 7 million members. In fact, GNC has admitted in public filings with the Securities and Exchange Commission that its customer base included approximately 6.5 million Gold Card members. Those Gold Card Members in 2015 accounted for 79% of company owned retail sales, and they spent approximately two times more than other GNC customers.

13.     GNC described the benefits of membership in its Member Price Program as follows:

> *       Save up to 50% Every Day[]
>
> *       Save at GNC.com and Any GNC Store in America
>
> *       New, Unbeatable Low Prices on Store Purchases[]
>
> *       Simplified Pricing Makes Shopping Easier
>
> *       More Savings. Every Day. Any Time You shop!

14.     Upon information and belief a true and correct copy of the more detailed terms and conditions used in 2015 and 2016 is attached as Exhibit A and incorporated herein. The detailed terms and conditions specify that the membership lasts for one year from the date of purchase, and that members will receive, "[u]p to fifty percent (50%) off eligible purchases made at GNC retail stores every day for one year. Some exclusions may apply."[1]

15.     After GNC hyped the benefits of the Gold Card Program, millions of customers

---

[1] The Gold Card program historically entitled members to "save 20% on all store and online purchases on the day the card is purchased and during the first seven days of every month for a year." The program was changed in 2013. As GNC through its parent admitted – "Consumers may purchase a GNC Gold Card in any United States GNC store or at GNC.com for a $15.00 annual fee. During 2013, we expanded our Gold Card Member Pricing model to be nationwide, evolving Gold Card from a fixed 20% discount during the first week of each month to an everyday variable discount Member Pricing model. Gold Card members also receive personalized mailings and e-mails with product news, nutritional information and exclusive offers."

4

joined or renewed their memberships, thereby generating tens of millions of dollars in annual membership fees for defendant. GNC nonetheless terminated the program at or around the end of 2016. GNC did not, however, return or issue pro-rata refunds of the membership fees it charged, nor did it continue to honor all benefits and perform all of its obligations under the Gold Card Program for the duration of the membership periods. This was despite the fact that GNC continues to recognize revenue on Gold Card memberships purchased in 2015 and 2016 during at least 2017.

16. Beginning around the same time GNC terminated the Gold Card Program, it began a new free program, available to everyone, whereby customers accumulate points based on volume of purchases, similar to airline mile programs. However, unlike the Gold Card Program that provided members a direct tie to pricing discounts, the new free program available to anyone does not provide those benefits.

17. To the extent any exist, all conditions precedent have occurred or been performed.

18. Plaintiffs seek to recover, individually and for all those similarly situated, return of their membership fees or injunctive relief requiring defendant to honor all benefits and perform all obligations under the Gold Card Program. At all times relevant hereunder, plaintiffs have acted in good faith and have otherwise complied with all obligations giving rise to this lawsuit.

## CLASS ACTION STATEMENT

19. Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), for Counts I and II, and 23(b)(2), for Count III, on behalf of themselves and the following class:

> All Gold Card and Member Price program members in the fifty United States and the District of Columbia with membership expirations subsequent to December 31, 2016, excluding Defendant, any entity in which Defendant has a controlling interest, its affiliated entities, all current and former officers and directors, legal representatives and immediate family members, successors and assigns of any such excluded persons or entities.

20. The prerequisites to class certification under Fed.R.Civ.P. 23(a) are met in that:

(A) The members of the class are so numerous that joinder of all members is impractical. There are more than a million class members, as described above. The precise number of class members and their identities can be ascertained from GNC's records.

(B) The claims of the representative plaintiffs raise questions of law and fact common to all class members. Among the questions of law and fact common to the class are the following:

    (i) Whether GNC breached its contract with class members when it terminated the Gold Card Program on or about the end of calendar year 2016 and refused to provide benefits due class members;

    (ii) Whether GNC has wrongfully retained class members' membership fees, or a portion thereof, after having terminated the Gold Card Program;

    (iii) Whether GNC is required to continue to honor the specific terms and provisions of the Gold Card Program for all class members throughout the duration of their memberships;

    (v) Whether GNC acted honestly and in good faith and fair dealing;

    (vi) Whether by deferring and recognizing revenue subsequent to the end of calendar year 2016 from Gold Card Program memberships purchased in 2015 and 2016, GNC has waived any right to deny class members the discounts and other benefits of their memberships; and

    (x) The measure of damages.

(C) The claims of the representative plaintiffs are typical of, if not identical, to the

claims of each member of the class because the representative plaintiffs and all class members purchased either one or two-year Gold Card Program memberships that had stated expirations into 2017 or 2018 and because all class member claims are grounded in the same program terms and conditions. The application of legal principals and proof will be the same for all class members.

(D)   The representative plaintiffs will fairly and adequately protect the interests of all class members. They have retained competent counsel who are experienced in complex litigation, including class action litigation in Pennsylvania and applying Pennsylvania law, and who will prosecute this action vigorously. Representative plaintiffs will fairly and adequately assert and protect the interests of the class. They do not have any interests antagonistic to or in conflict with the class; their interests are antagonistic to the interests of the defendant; and they will vigorously pursue the claims of the class. Representative plaintiffs have adequate financial resources to vigorously pursue this action, including an agreement by their counsel to prosecute this action on a contingent basis and to advance the reasonable and necessary costs and expenses of litigation.

21.   Counts I and II of this action may be maintained as a class action under Fed.R.Civ.P. 23(b)(3) because the questions of law or fact common to the class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The pertinent factors under Rule 23(b)(3) that demonstrate that a class action is a superior method of litigating this controversy include:

(A)   <u>The class members' interests in individually controlling the prosecution or defense of separate actions</u>:   In view of the complexity of the issues and expense of litigation, it is

impractical for class members to bring separate actions, and there is no reason to believe that class members desire to proceed separately. This is particularly so given the amount of damages per individual class member;

(B)     <u>The nature and extent of any litigation concerning the controversy already begun by or against class members</u>:  To Plaintiffs' knowledge, no other cases are pending against GNC concerning the class members' claims and thus, certification is appropriate here on the grounds of judicial economy;

(C)     <u>The desirability or undesirability of concentrating the litigation of the claims in this forum</u>:  The Western District of Pennsylvania is the most desirable forum to concentrate all litigation respecting class member claims, because the terms and conditions of the Gold Card Program contain a Pennsylvania choice of law provision and a consent to exclusive jurisdiction of the courts in the Commonwealth of Pennsylvania.  Additionally, defendant's executive offices and headquarters are located in Pittsburgh and, on information and belief, decisions relating to the facts and circumstances giving rise to this litigation occurred in this District.   There is no better forum; and

(D)     <u>The likely difficulties in managing a class action</u>: This case presents no unusual management difficulties, and to the contrary, is ideally suited to class treatment.  The claims involve matters of contract based on the same documents, and the size of the class is too large for individual litigation, but not so large as to present an obstacle to manageability as a class action.

22.     Count III of this action, seeking injunctive relief may be maintained as a class action under Fed.R.Civ.P. 23(b)(2) because all the prerequisites of Rule 23(a) are satisfied and because GNC has acted or refused to act on grounds that apply generally to the class so that final

injunctive relief is appropriate respecting the class as a whole.

## COUNT I

23. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 22 of this Complaint.

24. All class members paid an annual fee to GNC for membership in the Gold Card Program and the period of the memberships did not terminate before the end of 2016.

25. All class members had their Gold Card Program memberships terminated prior to expiration and were not refunded their membership fees or a pro-rata portion thereunder.

26. GNC had to honor the membership benefits and perform its obligations under the Gold Card Program for the stated duration of all class members' memberships.

27. GNC has wrongfully and without justification repudiated its obligations under the Gold Card Program and has breached its duty of good faith and fair dealing.

28. GNC breached its duties under the Gold Card Program.

29. Plaintiffs and each class member incurred damages as a result of GNC's breach.

30. GNC has wrongfully retained Gold Card Program membership fees paid by class members.

WHEREFORE, in accordance with the allegations of the First Claim for Relief, plaintiffs demand the following for themselves and the class against defendant GNC:

(a) That the Court certify the class as described above;

(b) That judgment be entered in favor of plaintiffs and the putative class against defendant for all compensatory losses and damages allowed by law;

(c) An award of pre-judgment and post-judgment interest at the maximum legal rate to plaintiffs and class members on their damages;

(d) That the Court award costs and expenses of litigation; and

(e) Such other and further relief as is just and appropriate.

## COUNT II

31. Alternatively and to the extent that the Court finds that no contract exists, plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 30 of this Complaint except for those allegations alleging that a contract existed between plaintiffs and GNC.

32. GNC accepted annual fees in the amount of $15 from plaintiffs and the putative class members and continues to recognize revenue on such membership fees.

33. To the extent that GNC is not subject to contractual duties, GNC has been unjustly enriched through it retaining the Gold Card Program membership fees of plaintiffs and the putative class members.

WHEREFORE, in accordance with the allegations of the Second Claim for Relief, plaintiffs demand the following for themselves and the class against defendant GNC:

(a) That the Court certify the class as described above;

(b) That judgment be entered in favor of plaintiffs and the class against defendant for all compensatory losses and damages allowed by law;

(c) An award of pre-judgment and post-judgment interest at the maximum legal rate to plaintiffs and class members on their damages;

(d) That the Court award costs and expenses of litigation; and

(e) Such other and further relief as is just and appropriate.

## COUNT III

34. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 33 of this Complaint.

35. GNC breached its duties to plaintiffs and the class under the Gold Card Program.

WHEREFORE, in accordance with the allegations of the Second Claim For Relief, plaintiffs demand the following for themselves and the class against defendant:

(a) That the Court certify the class as described above;

(b) That this Court enter injunctive relief in favor of plaintiffs and the class against defendant requiring that it honor all benefits and perform all of its obligations under the Gold Card Program for the duration of class members' stated membership periods;

(c) That this Court award costs and expenses of litigation; and

(d) Such other and further relief as is just and appropriate.

**JURY TRIAL DEMANDED ON ALL ISSUES**

Dated: January 30, 2017

/s/ *David A. Borkovic*
David A. Borkovic
Pa. I.D. No. 23005
Of Counsel
Jones, Gregg, Creehan & Gerace, LLP
411 Seventh Ave, Suite 1200
Pittsburgh, PA 15219
(412) 261-6400
dab@jgcg.com

*Of counsel*:
David M. Cohen
Complex Law Group, LLC
40 Powder Springs Street
Marietta, GA 30064
(770) 200-3100